UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WILLIAM WHITEFIELD, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 6:20-cv-00023-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WARDEN NAPIER, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

William Whitefield is an inmate at the Federal Correctional Institution—Manchester in Manchester, Kentucky. Proceeding without an attorney, Whitefield has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] That submission is now before the Court on initial review pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In November 2004, Whitefield pled guilty to four counts of armed bank robbery in violation of 18 U.S.C. § 2113 and two counts of using/carrying a firearm during a violent crime in violation of 18 U.S.C. § 924(c). *See United States v. Whitefield*, et al., 2:04-cr-20003-MPM-DGB-2 (C.D. Ill. 2004), R. 27 therein. In the plea agreement, Whitefield waived the right to collaterally attack his conviction and/or sentence. *Id.* Nevertheless, Whitefield has attempted to obtain relief under 28 U.S.C. § 2255 numerous times. *See, e.g.*, *Whitefield v. United States*, 2:06-cv-2053-MPM-DGB (C.D. Ill. 2006); *Whitefield v. United States*, 2:19-cv-02206-JES (C.D. Ill. 2019). In every case, the Central District of Illinois and the Seventh Circuit Court of Appeals have denied Whitefield's motions to vacate and related appeals.

Whitefield has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 in this Court. [R. 1.] Relying on *Alleyne v. United States*, 570 U.S. 99 (2013), Whitefield's § 2241 petition claims that the Central District of Illinois trial judge improperly enhanced his sentence on the two 18 U.S.C. § 924(c) counts of conviction. [*See* R. 1-1.] Accordingly, Whitefield asks this Court to vacate his sentence and remand the case for resentencing. [R. 1 at 8.] The Court conducts a preliminary screening of Whitefield's petition pursuant to 28 U.S.C. § 2243 and must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Whitefield is proceeding *pro se*, the Court evaluates the petition under a more lenient standard. Further, at this stage of the proceedings, the Court accepts Whitefield's factual allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Despite the leniency afforded to *pro se* pleadings, the Court must deny Whitefield's request for § 2241 relief for several reasons. Whitefield claims that the trial judge wrongfully relied on judge-found facts—specifically, that Whitefield "brandished" a firearm—to enhance his sentence, in violation of the Supreme Court's holding in *Alleyne v. United States*. [R. 1-1 at 2.] Ordinarily, a prisoner must challenge the validity of his federal conviction or sentence under 28 U.S.C. § 2255, whereas § 2241 petitions are usually limited to claims challenging the manner or execution of an individual's sentence. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). A federal prisoner can use § 2241 to challenge his conviction or sentence; however, these limited circumstances do not apply in Whitefield's case.

Until recently, claims alleging actual innocence of a sentence enhancement could not be raised under § 2241. *See, e.g., Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012). But *Hill*

*v. Masters* allowed a petitioner to challenge his misapplied sentence where he could show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or fundamental defect." *See* 836 F.3d at 595 (citing *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013)). Whitefield's argument rests on *Alleyne*, wherein the United States Supreme Court held that the Sixth Amendment requires that any fact increasing a statutory mandatory minimum be found by a jury. *See Alleyne*, 470 U.S. at 103. *Alleyne* is a case of constitutional, not statutory, interpretation. *See, e.g.*, *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013). Further, *Alleyne* has not been made retroactive to cases on collateral review. *In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014); *see also Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285-86 (11th Cir. 2014) (collecting cases). Thus, Whitefield's challenge falls outside *Hill*'s narrow framework.

Additionally, Whitefield's petition is barred by the collateral attack waiver to which he agreed as part of his plea agreement. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable."). In his plea agreement, Whitefield bargained for and received a reduction in the charges he faced in exchange for his agreement to plead guilty and to waive his write to challenge his conviction or sentence via collateral attack. *See Whitefield*, 2:04-cr-20003-MPM-DGB-2 at R. 27 therein. Whitefield is therefore barred from challenging his conviction or sentence in this proceeding.

For these reasons, the Court hereby **ORDERS** as follows:

1. Whitefield's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

3

2.     This case is **CLOSED** and **STRICKEN** from the docket; and

3.     Judgment shall be entered contemporaneously herewith.

This the 7th day of February, 2020.

Gregory F. Van Tatenhove
United States District Judge